UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RYAN DANIELS,

       Plaintiff/Counterclaim
       Defendant,

v.                         Case No.:  2:25-cv-324-SPC-KCD

FIDDLESTICKS COUNTRY
CLUB, INC.,

       Defendant/Counterclaimant.

_____/

## OPINION AND ORDER

Before the Court is Plaintiff/Counterclaim Defendant Ryan Daniels'
Motion to Dismiss Counterclaims. (Doc. 20). Defendant/Counterclaimant
Fiddlesticks Country Club, Inc. ("Fiddlesticks") responded in opposition. (Doc.
32). Thus, the motion is ripe for review. For the reasons below, the Court
grants the motion in part.

Daniels brings this action under the Family Medical Leave Act
("FMLA"), 29 U.S.C. § 2601, *et seq*. He worked for Fiddlesticks (a private
country club) as an executive chef for eight years. He alleges he was
terminated for abandoning his position despite the fact he was on FMLA-
protected leave. (Doc. 1). Fiddlesticks brings counterclaims (Doc. 11), which
are the focal point here.

Fiddlesticks alleges that by the end of September 2024, Daniels had "demonstrated a clear pattern of insubordination in his duties as executive chef," including customer complaints about the food quality that went unrectified. (Doc. 11 ¶¶ 7–8).[1] Despite this unsatisfactory service, Fiddlesticks issued Daniels a $20,000 bonus in November 2024. It now wants that bonus back. Thus, the counterclaims.

In October 2024, Daniels represented to his general manager that he was entitled to a nondiscretionary $20,000 bonus, even though his employment agreement called for a discretionary $10,000 bonus. Based on Daniels' representation, Fiddlesticks issued him a $20,000 bonus. Because Daniels duped Fiddlesticks into issuing him $20,000 he was not entitled to, it brings a fraudulent misrepresentation (count II) and an unjust enrichment claim (count III). (Doc. 11).

That's not all. In November 2024, Fiddlesticks was audited. The audit revealed that Fiddlesticks' food and beverage inventory levels appeared to be significantly inflated. Placing the blame for this discrepancy on Daniels, Fiddlesticks also brings a negligent misrepresentation claim against Daniels (count I), alleging he "negligently misrepresented the food and beverage

---

[1] The Court accepts the well-pleaded facts in the counterclaim as true and construes them in the light most favorable to the counterclaimant. *See United States v. Jallali*, 478 F. App'x 578, 579 (11th Cir. 2012).

inventory counts by hyper-inflating the amount of food and beverage items stored onsite at Fiddlesticks." (Doc. 11 ¶ 13).

Daniels moves to dismiss all three of Fiddlesticks' counterclaims against him. He argues Fiddlesticks fails to state a claim, fails to plead the fraud and misrepresentation claims with particularity under Federal Rule of Civil Procedure 9(b), and counts I and II are barred by the independent tort doctrine. (Doc. 20).

To survive a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

Because counts I and II are based on fraud, they must comply with Rule 9(b)'s heightened pleading requirement. A plaintiff must "state with

particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). These circumstances include "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statements; (3) the content and manner in which these statements misled the plaintiff; and (4) what the defendants gained by the alleged fraud." *Fortson v. Best Rate Funding, Corp.*, 602 F. App'x 479, 483 (11th Cir. 2015) (cleaned up). In other words, claims of fraud must proffer "the who, what, when, where, and how of the fraud alleged." *Omnipol, a.S. v. Worrell*, 421 F. Supp. 3d 1321, 1343 (M.D. Fla. 2019), *aff'd sub nom.*, 32 F.4th 1298 (11th Cir. 2022).

First, Fiddlesticks' negligent misrepresentation claim (count I). It alleges Daniels "negligently misrepresented the food and beverage inventory counts by hyper-inflating the amount of food and beverage items stored onsite at Fiddlesticks." (Doc. 11 ¶ 13). That's it. It does not allege anything further, such as the substance of the misrepresentations, who the misrepresentations were made to, or when they were made. Indeed, it is doubtful this claim even satisfies general pleading requirements given Fiddlesticks otherwise offers only a formulaic recitation of the claim's elements. *See Twombly*, 550 U.S. at 555. So the Court dismisses count I.

Next is Fiddlesticks' fraudulent misrepresentation claim (count II). To state a claim for fraudulent misrepresentation, a plaintiff must allege "(1) a false statement concerning a material fact; (2) the representator's knowledge

that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Tucker v. Evenflo Co.*, No. 6:20-CV-2-PGB-GJK, 2021 WL 8946699, at *2 (M.D. Fla. Nov. 8, 2021) (quoting *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010)).

Fiddlesticks alleges that around October 2024, Daniels represented to his general manager that his employment agreement entitled him to a non-discretionary $20,000 bonus—even though he was only entitled to a discretionary $10,000 bonus.  (Doc. 11 ¶¶ 11–12).  He then pressured Fiddlesticks' controller, Mary Hoover, to advise the general manager that Daniels was, in fact, entitled to the bonus.  (*Id.* ¶ 14).  And because of these representations, Daniels was paid a $20,000 bonus on November 7, 2024.  (*Id.* ¶ 15).  These allegations are sufficient for now.

Fiddlesticks alleges each of the claim's elements with enough factual support.  Daniels argues Fiddlesticks fails to allege a false statement.  But the Court cannot agree given Fiddlesticks claims Daniels misrepresented the terms of his employment agreement.  He also argues that Fiddlesticks failed to allege that it "justifiably relied" on his misrepresentation.  But "[j]ustifiable reliance is not a necessary element of fraudulent misrepresentation." *Butler*, 44 So. 3d at 105.  In fact, in an action involving fraudulent misrepresentation, "a recipient may rely on the truth of a representation, even though its falsity

could have been ascertained had he made an investigation, unless he knows the representation to be false or its falsity is obvious to him." *Id.*; *see also Tucker*, 2021 WL 8946699, at *2. Although suspect that a sophisticated corporate entity was deceived into paying $20,000 to a supposedly insubordinate and subpar employee that a written employment agreement apparently makes clear he was not entitled to, Fiddlesticks has stated enough at this stage.

The allegations also satisfy Rule 9(b). Fiddlesticks alleges the purportedly false statements, the general time frame of Daniels' purportedly false statements, who he made them to, how the statements were misleading, and what he gained. This is sufficient under Rule 9(b). *See Otto Candies, LLC v. Citigroup Inc.*, 137 F.4th 1158, 1195 (11th Cir. 2025) ("This is not a case where the plaintiffs have provided no details about which alleged misstatements and omissions they relied on.").

Daniels also argues the independent tort doctrine bars counts I and II. "Under Florida's independent tort doctrine, it is well settled that a plaintiff may not recast causes of action that are otherwise breach-of-contract claims as tort claims." *Yuken Corp. v. Gedcore LLC*, No. 22-20661-CIV, 2022 WL 3701233, at *3 (S.D. Fla. June 21, 2022) (citation omitted). In short, a fraud claim must be able to survive independent of any breach-of-contract claim. *See id.* Daniels essentially argues the employment agreement governs the parties'

relationship and precludes Fiddlesticks' misrepresentation and fraud claims. But without the benefit of the employment agreement, the Court cannot make such a determination. And notably, Fiddlesticks does not claim Daniels breached the employment agreement. So the Court declines to dismiss counts I and II under the independent-tort doctrine at this time. Daniels may reassert this defense at summary judgment.

Finally, Daniels moves to dismiss Fiddlesticks' unjust enrichment claim (count III). To state an unjust enrichment claim, Fiddlesticks must sufficiently allege: (1) it conferred a benefit on Daniels, who had knowledge thereof; (2) Daniels voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for Daniels to retain the benefit without first paying the value thereof to Fiddlesticks. *See Gov't Emps. Ins. v. Kalin*, No. 8:21-CV-2556-VMC-JSS, 2022 WL 613808, at *4 (M.D. Fla. Mar. 2, 2022). Fiddlesticks fails to allege the final element.

Fiddlesticks alleges it conferred Daniels with a $20,000 bonus, which he accepted. (Doc. 11 ¶¶ 40–42). And it believes Daniels' retention of this bonus would be unjust because "Daniels has not produced any written documentation regarding his entitlement to the $20,000.00 bonus and the food and beverage department he was responsible for severely underperformed for the 2023 and 2024 fiscal years." (*Id.* ¶ 43). In other words, Daniels should not be permitted

to keep the bonus because Fiddlesticks did not read the employment agreement or review Daniels' performance before issuing it. This is insufficient.

Fiddlesticks fails to sufficiently allege Daniels' retention of the bonus would be unjust. It provides no allegation suggesting Daniels was required to provide documentation proving his entitlement to the bonus. Indeed, this seems like something Fiddlesticks should have taken up *before* paying the bonus. Likewise, the fact Daniels was purportedly undeserving of the bonus—because he underperformed in 2023 and 2024—does not render his retention of the payment unjust. Rather, this was reason not to issue the payment in the first place, not a reason to demand it back later. It seems Fiddlesticks tries to construct claims against Daniels to rectify its own shortcomings or, more simply, out of remorse. This will not do. So the Court dismisses count III.

Accordingly, it is now

**ORDERED:**

Ryan Daniels' Motion to Dismiss (Doc. 20) is **GRANTED in part**.

1. Counts I and III of Fiddlesticks' counterclaim (Doc. 11) are **DISMISSED without prejudice.**

2. If Fiddlesticks intends to file an amended counterclaim, it must do so on or before **August 28, 2025**.

**DONE** and **ORDERED** in Fort Myers, Florida on August 14, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record